LOTTINGER, Judge.
This is a suit on a promissory note wherein the plaintiff Plauche-Locke Securities, Inc. seeks judgment against the defendant, Harley McCall, in the principal sum of $621.50, together with 8% interest from July 1, 1956, together with 25% additional upon the aggregate of said principal and interest as attorney fees.
The defendant first filed an answer in the nature of a general denial and then, by supplemental answer, set forth that the entire amount of the plaintiff's claim had been discharged and paid in full by check drawn by the defendant on the Jeff-Davis Bank and Trust Company, dated February 5, 1957, payable to the plaintiff in the sum of $400. The defendant also filed what was termed a “Plea of Transaction and Compromise and/or Accord and Satisfaction and Estoppel” wherein it was set forth that the $400 check referred to in the answer was accepted by the plaintiff in full settlement of the indebtedness under a statement typed on the top of the back of the check reading “By endorsement this 'check when paid is accepted in full payment of the account on 1952 Buick Mtr. '#6890924.”
The minutes reflect that on the day of trial a remittitur was entered by the attorney for the plaintiff reducing the principal amount claimed to the sum of $570.50 The case was then tried on the merits and following judgment in favor of the plaintiff in the principal sum of $570.50 with 8% per annum interest thereon from July 1, 1956, together with 25% additional upon the aggregate of said principal and interest as attorneys fees, the defendant has appealed.
The trial judge made the following factual findings:
“On May 20, 1955, the defendant executed a note payable to the plaintiff for the principal sum of $1,284.00 and agreed to pay this amount' in installments of $53.50 per month beginning July 1, 1955. As of April 3, 1956, defendant had reduced the outstanding balance to the sum of $970.50. Since April of 1956 defendant has made but one payment and that by check dated February 5, 1957, payable to the order of plaintiff in the sum of $400.00. On the back of this check and in a place located above any possible endorsement of the check defendant wrote the following words:
“ ‘By endorsement this check when paid is accepted in full payment of account on 1952 Buick Mtr. #6890924.’
“The 1952 Buick referred to was the security for the May 20, 1955 note. In the regular course of business plaintiff corporation negotiated this check by stamping it with its usual endorsement stamp. Defendant contends that by endorsing this check and negotiating it plaintiff released him from all obligation on May 20, 1955 note.
“The evidence disclosed that the note of May 20, 1955 is the second transaction which defendant had with the plaintiff. The first time the defendant borrowed money from the plaintiff he gave as security a chattel mortgage on an Oldsmobile. Shortly after defendant purchased the Oldsmobile and gave a chattel mortgage to the plaintiff for the purchase price of said Oldsmobile, the Oldsmobile, became defective and had to be junked. Defendant complained to Mr. Stephen Plauche, president of the plaintiff corporation, but was told by Mr. Plauche that any complaints as to the Oldsmobile would have to be made to the vendor of said Oldsmobile for plaintiff had nothing to do with that problem.
“Later defendant purchased a Buick and made out a note for the total of the outstanding indebtedness on the Oldsmobile plus the purchase price of the Buick and gave a chattel mortgage *299 on the Buick to secure the note. This is the note which is the subject of this suit and is in evidence as Exhibit marked P-2.
“Sometime in the month of May, 1956, defendant became ill and was unable to make further payments on the note. On December 13, 1956, defendant wrote to the plaintiff suggesting:
“ ‘Regarding the 1952 Buick which I have in my possession, I suggest that you allow me to drive it to Sulphur to Muriel Vincent and that we jointly authorize him to sell it, allowing him to make a fair commission and retire as much of the debt as is possible through the sale of this car. After this has been done, I will execute a secured note for the balance, should there be a balance, to be paid off in small monthly payments.’ (See exhibit P-6)
“Following this, defendant again wrote the Plaintiff the following letter:
“ T can get $400 for the car. Please advise how you want to handle this matter, in clearing title etc. — Please let me have your letter as soon as possible.’ (See exhibit P-7)
“In answer to this letter, on January 24, 1957, Mr. Plauche, president of plaintiff corporation, answered as follows:
“ ‘In answer to your letter of recent date, we wish to advise that we are forwarding the title today on your car to Hebert & LeBleu, Inc., Jennings, a dealer with whom we have been doing business for years. If you will go with the party to purchase your car, they will turn over the title to him upon receipt of the $400.00, mentioned in your letter.
“ ‘After this amount has been sent to us and credited to your account we will then expect a definite arrangement whereby payments of at least $40.00 a month will be made to retire your balance. Please give to Mr. Le-Bleu the date on which you will make the first $40.00 payment.’ (See exhibit P-5)
“On the same day Mr. Plauche wrote the Hebert & LeBleu, Inc. which corporation does business with the plaintiff, the following letter:
“ ‘We are financing a 1952 Buick 4 Door Sedan for Harley McCall, who is now living in Jennings. We have had one heck of a time with him for the past year and a half.
“ ‘However, he advises by letter today that he can get the sum of $400.00 for this car, which is substantially less than the balance he owes us, but as far as we are concerned it will be satisfactory for him to do so.
“ ‘We enclose, herewith, certificate of title to this car, which is to be signed by him over to the purchaser in your office in the next day or so, and I will thank you to get from them the sum of $400.00 and remit to us.
“ ‘He is supposed to pay the balance of his indebtedness at the rate of $40.00 a month. He will tell you at the time the sale of the car is completed, what date the first payment is to be made.’ (See Exhibit P-4)
“On February 5, 1957, defendant went to the office of Hebert & LeBleu, Inc. and offered to pay the $400.00 but wanted to get title to the car in his own name. Miss Mosher, an employee of Hebert & LeBleu, Inc. refused to deliver the title to defendant for the reason that Mr. Plauche’s letter indicated that the defendant was to sell' the car to the third party. Under this situation the defendant refused to pay the $400.00 and left. Miss Mosher telephoned Mr. Plauche and related the events whereupon Mr. Plauche authorized the cancellation of the outstanding chattel mortgage and the delivery to the defendant, of the title certificate on the Buick on his payment of the sum of $400.00.
*300 “Mr. Plauche then telephoned the defendant to tell him that it would be satisfactory for him to pay the sum of $400.00 and take title to the Buick free of the mortgage. It is defendant’s version of this telephone conversation that Mr. Plauche expressly agreed to cancel the entire indebtedness on the May 20, 1955 note for the sum of $400.00. It is plaintiff’s version that it was well understood that the balance due on the note was yet due and exigible against the defendant although the security for the note was released. Since there was no writing and the conversation is not recorded, and since every letter written by both the plaintiff and defendant indicated that the defendant understood that the balance due on the note was still due and exigible, this court holds as a fact that Mr. Plauche’s version of the telephone conversation of February 5, 1957 is correct. It must be observed that defendant is a business man. As argued in defendant’s brief (and 'as was shown in one of the letters which is in the evidence) at the time this transaction was handled, defendant was in the process of organizing an Insurance Company. The fact that defendant did not request the note at the time he contends that he paid it in full is very strong evidence that he well knew that he was not entitled to and was not getting a full discharge from his obligation to the plaintiff. Both plaintiff and defendant knew that the balance due on the note was more than twice the sum of $400.00, and both plaintiff and defendant knew that the security, the 1952 Buick, was worth no more than $400.00 as of January, 1957. At no time prior to making the check of February 5, 1957, did the defendant contest that he owed the full balance due which the plaintiff here seeks.
“In answer to the suggestion by defendant that it would not have can-celled the mortgage if he had not intended to cancel the debt, we must note that the $400.00 cash payment was as much as it could have hoped to recover by foreclosing proceedings leading to the forced sale of the Buick. It was just as well off from a business standpoint and so was defendant in handling the matter as it was done. Both understood that the note was still in effect insofar as the balance yet due.”
The record amply substantiates the factual findings of the trial court and the question presented by defendant’s appeal is simply whether the maker of a note can discharge his obligation of paying the balance due thereon by making a partial payment by check and noting thereon that same is in full payment of the note when the check is endorsed by the payee.
As we understand the defendant’s position, he first argues that there was a compromise agreement between him and the plaintiff to accept the $400 in full settlement of the balance due of $970.50. The facts of the case do not prove any such agreement. Mr. Plauche denied entering into any such agreement and all of the correspondence in the record belies such an intention. There was no consideration given by the defendant for such a compromise and, as will be pointed out further, there was actually no dispute between the parties as to what was due and, therefore, nothing to compromise.
The defendant next argues the defense of accord and satisfaction but, in so doing, admits in his brief that one of the elements to a valid accord and satisfaction is a disputed claim. He attempted to show some type of dispute between him and the plaintiff because of his dissatisfaction with the Oldsmobile automobile which he had previously financed. This strikes us as something of an afterthought as the correspondence does not reflect any such dispute. To the contrary, in his letter of December 13, 1956 the defendant stated in part:
*301 “ * * * You have been most considerate during my illness which resulted from a heart attack and I deeply appreciate it and you have my assurances that I will do everything right by you and your company.”
The record fails to reflect the dispute necessary to support a plea of accord and satisfaction and consequently the same is without merit.
The defendant further advances a plea of estoppel which is clearly without merit as he was never induced to make payment and thereby change his legal position.
Lastly, the defendant urges the defense that the plaintiff, by accepting the check and cashing it, without making a protest to defendant, gratuitously remitted the balance of the debt to the defendant. LSA-C.C. Article 2199 provides:
“The remission of the debt is either conventional, when it is expressly granted to the debtor by a creditor either having (creditor having) a capacity to alienate;
“Or tacit, when the creditor voluntarily surrenders to his debtor the original title under private signature which establishes the obligation.”
The facts of the case show positively the absence of any conventional or express remission and, indeed, reflects the intention of the plaintiff at all times to collect its balance after crediting the amount of $400. Nor could it be said that there was a tacit remission because of the fact that the plaintiff did not voluntarily surrender the original title (which here could only be the promissory note which at all times remained in its possession) as required by the above quoted article.
For the reasons assigned, the judgment appealed from is affirmed.
Judgment affirmed.